**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LISA BROWN, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:19-CV-04220 |
| vs. § | |
| § | |
| SHAPIRO & KREISMAN, LLC, § | |
| Defendant. § | |
| § | |

**JOINT PRETRIAL ORDER**

Plaintiff Lisa Brown ("Plaintiff") and Defendant Shapiro & Kreisman, LLC ("Defendant") submit this joint pretrial order. The parties further agree, with the permission of the court, to allow for subsequent amendments of this Joint Pretrial Order, including objecting to witnesses or exhibits:

**1.     Appearance of Counsel**

   **A.     Counsel for Plaintiff**

   Russell S. Thompson, IV
   Southern District Bar # 1572841
   Thompson Consumer Law Group, PC
   11445 E Via Linda, Ste. 2 #492
   Scottsdale, AZ 85259
   Telephone: (602) 388-8898
   Facsimile: (866) 317-2674
   rthompson@ThompsonConsumerLaw.com

   **B.     Counsel for Defendant**

   Kirk A. Schwartz
   Texas Bar No. 24004908
   13015 Northwest Freeway, Suite 1200
   Houston, Texas 77040
   Telephone: (713) 462-2565
   Facsimile: (847) 879-4854
   Email: kschwartz@logs.com

H. Gray Burks, IV
Texas Bar No. 03418320
13015 Northwest Freeway, Suite 1200
Houston, Texas 77040
Telephone: (713) 462-2565
Facsimile: (847) 879-4854
Email: gburks@logs.com

2. **Statement of the Case**

Plaintiff Lisa Brown alleges that Defendant violated the Federal Fair Debt Collection Practices Act in connection with the collection of an alleged debt.

First, Plaintiff alleges that Defendant's July 23, 2019 letter was its initial communication with respect to the debt and that it violated the FDCPA by stating that Plaintiff had 30 days from the date of the letter, rather than from receipt of the letter, to dispute the debt or request the name and address of the original creditor.

Plaintiff also alleges that Defendant violated the FDCPA by communicating directly with her when Defendant knew or should have known that Plaintiff was represented by counsel with respect to the debt.

Defendant sent Plaintiff another letter, dated October 16, 2019, representing that it was providing the notices required by the FDCPA. Because it was not the initial communication with Plaintiff or within five days of the initial communication with Plaintiff, Plaintiff alleges it violated the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

Defendant denies that it is a debt collector under the FDCPA. Moreover, Defendant contends that its letter dated July 23, 2019 to Plaintiff at her last known address as reflected by the records of her creditor expressly stated that Plaintiff had 30 days from the date of her receipt of the letter, to dispute the debt or request the name and address of the original creditor. Consequently, Plaintiff received proper FDCPA notices, and neither Defendant's July 23, 2019 letter, nor the October 16, 2019 letters violated the FDCPA.  In fact, Plaintiff concedes she did, in fact, dispute the validity of her debt, and the Defendant responded to her debt dispute. Defendant contends that as a result, Plaintiff has no actual damages.

Defendants also alleges the bona fide error defense applies to Plaintiff's allegations concerning any communications with a represented party.

3. **Jurisdiction.**

This Court has jurisdiction under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

4. **Motions**

The parties' Joint Motion to Continue Pretrial Deadlines remains pending.

Plaintiff's Motion for Reconsideration also remains pending, and Defendant's Motion for Reconsideration will be filed shortly.

**5.     Contentions of the parties**

**A.     Plaintiff**

Defendant is a "debt collector" as defined by the FDCPA.

**B.     Defendant**

Defendant is not a "debt collector" as defined by the FDCPA.

**6.     Admissions of fact**

1. Defendant sent Ms. Brown a letter dated July 23, 2019.

2. Defendant's July 23, 2019 letter—addressed to Ms. Brown—was its initial communication to her with respect to the debt.

3. Thereafter, Ms. Brown sent Defendant a timely written dispute, which it received on August 9, 2019.

4. Upon receipt, Defendant read Ms. Brown's written dispute letter and prepared a response.

5. Defendant's July 23, 2019 letter lists Defendant's telephone number, (314) 770-2120, for further information.

**7.     Contested issues of fact**

1. Whether Defendant engages in debt collection efforts other than those connected with enforcement of security interests (which are not considered a debt collection under the FDCPA).

2. Whether the July 23, 2019 letter sent to Plaintiff at her last known address in Missouri satisfied the requirements of the FDCPA concerning the notices required in connection with an initial communication.

6. Whether the bona fide error defense applies to the alleged conduct of Defendant.

7. The principal purpose of Defendant's business is the practice of law.

8. Defendant's website accurately describes itself as "a full-service financial services law firm offering a comprehensive suite of creditors' rights practice areas which include residential and commercial bankruptcy, eviction, foreclosure, litigation and appellate practice, general real estate law and transactional services, as well as title and clearance law. Shapiro & Kreisman is equipped to protect our creditors' interests across a wide array of real and personal property matters."

9. Defendant has decades of experience providing a full range of creditor representation in all aspects of foreclosure, for consumer lending, and loan servicing for both commercial and residential properties.

10. Defendant is a member of the Creditors' Bar, among other associations.

11. Defendant handles both judicial and non-judicial foreclosures.

12. In most years, Defendant handles over 100 unique residential foreclosures, with almost twenty percent representing judicial foreclosures.

13. With respect to judicial foreclosures, Defendant's prayer for relief normally requests the unpaid principal balance and attorney's fees.

14. After Defendant receives a foreclosure file, it sends the consumer a form FDCPA letter.

15. The FDCPA letter is not sent to comply with Missouri law as a prerequisite to a non-judicial foreclosure.

16. No attorney reviews the FDCPA letter before it is sent to a consumer.

17. Consumers often receive multiple FDCPA letters from Defendant

18. Defendant is well aware that it will likely open multiple files and send multiple FDCPA letters to a single consumer related to a single debt.

19. This happens an average of three times per consumer and as many as twenty times.

20. Defendant sends at least 100 FDCPA collection letters to consumers each year.

21. Defendant also handles "all aspects of protecting creditors' rights in bankruptcy, for Chapters 7, 11, 12, and 13, as well as associated adversary proceedings."

22. Defendant's bankruptcy practice is exclusively related to consumer bankruptcies, including filing proof of claims, objecting to consumer plans, objecting to amounts its clients may receive under the plan, responding to motions to sell, and preparing reaffirmation agreements.

23. Defendant employs a full time bankruptcy attorney.

24. Defendant's July 23, 2019 letter—addressed to Ms. Brown in Texas—was its initial communication to her with respect to the debt.

25. Had Ms. Brown called the number and asked, Defendant would have provided information about the debt, including payoff amounts.

26. When a consumer calls Defendant in response to one of its letters desiring to make a payment to avoid foreclosure, Defendant facilitates such payment by either providing the lender's telephone number or acting as the intermediary for the payment.

27. Prior to the coronavirus pandemic, consumers called Defendant to make payments multiple times each week.

28. Subsequently, Ms. Brown retained counsel to represent her for claims against Defendant pursuant to the FDCPA.

29. On September 11, 2019, Ms. Brown's counsel sent Defendant a notice letter and draft complaint detailing Defendant's violations of the FDCPA.

30. The September 11, 2019 letter states, in relevant part: "Further, having been formally notified of our representation, we demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office."

31. Defendant received the September 11, 2019 letter on September 17, 2019.

32. In connection with the collection of the debt, Defendant communicated directly with Ms. Brown by sending her a letter dated October 16, 2019.

33. At no time prior to Defendant sending the October 16, 2019 letter did Defendant communicate or attempt to communicate with Ms. Brown's counsel.

34. At no time did Ms. Brown's counsel fail to respond within a reasonable period of time to a communication from Defendant.

35. Further, at no time did Ms. Brown or her counsel consent to Defendant communicating with her directly.

36. Because it was not the initial communication with Ms. Brown or within five days of the initial communication with Ms. Brown, FDCPA did not require Defendant to send Plaintiff the FDCPA notices under Section 1692g(a) of the FDCPA.

37. Defendant does not know its policies and procedures to avoid sending incorrect letters to consumers.

38. Defendant does not know how such policies and procedures were narrowly tailored to avoid sending the incorrect template or to prevent Ms. Brown from receiving direct communication from Defendant

39. Defendant does not know how any of its policies and procedures were narrowly tailored to avoid any of the claims in this case.

40. Whether Defendant violated Section 1692g(a)(3)-(5) by advising Ms. Brown she had thirty days from the date of the letter to exercise her validation rights, rather than thirty days from receipt of the letter.

41. Whether Defendant violated Section 1692e by using false, deceptive, or misleading means to collect the Debt when advising that the notices were being required by the FDCPA and that it would assume the validity of the Debt if Ms. Brown did not timely dispute.

42. Whether Defendant violated Section 1692c(a)(2) by communicating directly with Ms. Brown despite knowledge of her representation by counsel.

43. Whether Defendant can meet its burden to establish the bona fide error defense.

**8. Agreed applicable propositions of law**

1. Plaintiff is a "consumer" as defined by the FDCPA.

2. The alleged obligation is a "debt" as defined by the FDCPA.

**9. Contested propositions of law**

1. Whether Defendant is a "debt collector" as defined by the FDCPA.

**10. Exhibits**

    **A. For Plaintiff**

1. July 23, 2019 letter (Doc. 1-1);

2. September 11, 2019 letter (Doc. 1-2);

    3.      October 16, 2019 letter (Doc. 1-3);

    4.      Defendant's Responses to Plaintiff's First Set of Requests for Admission;

    5.      Defendant's Responses to Plaintiff's First Set of Interrogatories.

**B.    For Defendant**

    1.      July 23, 2019 Letter (Doc 1-4)

    2.      August 2, 2019 Letter (Doc. 1-5)

    3.      August 9, 2019 Letter (Doc. 1-6)

    4.      October 16, 2019 (Doc. 1-7)

    5.      Plaintiff's Response to Defendant's Requests for Admission

    6.      Plaintiff's Responses to Defendant's Interrogatories

    7.      Plaintiff's Responses to Defendant's Requests for Production

**11.    Witnesses**

    **A.    For Plaintiff**

    1.    Lisa Brown
         *Contacted through Counsel for Plaintiff*

Plaintiff will testify regarding her interactions with Defendant and its alleged violations of the Fair Debt Collection Practices Act.

    2.    Adam Kerekanich
         *Contacted through Counsel for Defendant*

Mr. Kerekanich is expected to testify regarding Defendant's business purposes.

    3.    If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

    **B.    For Defendant**

    1.    Linda Brown

*Contacted through Counsel for Plaintiff*

Plaintiff is expected to testify regarding her damages and injuries alleged in this cause, and the facts surrounding the alleged FDCPA violations.

2. Adam Kerekanich

Mr. Kerekanich is expected to testify regarding the facts surrounding the FDCPA letter, the debt dispute, the debt response and Defendant's course of action.

3. Linda Tarpley

Ms. Tarpley is expected to testify regarding the facts surrounding the FDCPA letter, the debt dispute, the debt response, and Defendant's policies procedures.

4. Jamie Zelvin

Ms. Zelvin is expected to testify regarding the facts surrounding the FDCPA letter, the debt dispute, the debt response, and Defendant's policies procedures.

**12. Settlement**

All settlement efforts have been exhausted. Plaintiff's last demand was $25,000. Defendant's last offer was $5,000. The parties believe that settlement remains a possibility, following the Court's ruling on Plaintiff's Motion for Reconsideration and Defendant's forthcoming Motion for Reconsideration.

**13. Trial**

**A.  Trial will be Jury**

**B.  Probable length of trial**

1-2 days

**C.  Availability of witnesses**

TBD.

**14. Additional attachments**

Proposed jury instructions, attached.


    Memorandum of law, attached.

Dated: May 14, 2021

Respectfully submitted,

| /s/ Russell S. Thompson, IV | /s/ Kirk A. Schwartz |
|---|---|
| Russell S. Thompson, IV | Kirk A. Schwartz |
| Southern District Bar # 1572841 | Texas Bar No. 24004908 |
| Thompson Consumer Law Group, PC | 13015 Northwest Freeway, Suite 1200 |
| 5235 E. Southern Ave., D106-618 | Houston, Texas 77040 |
| Mesa, AZ 85206 | Telephone: (713) 462-2565 |
| Telephone: (602) 388-8898 | Facsimile: (847) 879-4854 |
| Facsimile: (866) 317-2674 | Email: kschwartz@logs.com |
| rthompson@ThompsonConsumerLaw.com | |
| | *Attorneys for Defendant Shapiro & Kreisman, LLC* |
| *Attorneys for Plaintiff Lisa Brown* | |

## **CERTIFICATE OF SERVICE**

I certify that on May 14, 2021, I filed the foregoing document with the Court using CM/ECF, which will send notification of such filing to all counsel of record.

                                                /s/ Russell S. Thompson, IV
                                                Russell S. Thompson, IV